USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/21/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
   ALYCE WOO,

                  Plaintiff,

                  -v-

   NANCY A. BERRYHILL,

                  Defendant.

------------------------------------------------------------------------ X

16-CV-8078 (JMF)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

JESSE M. FURMAN, United States District Judge:

      The Court referred this suit, which seeks review of Defendant's denial of disability and disability insurance benefits, to Magistrate Judge Stewart D. Aaron for a Report and Recommendation. In a Report and Recommendation filed on February 2, 2018, Magistrate Judge Aaron recommended that Plaintiff's motion for summary judgment (which he treated as a motion for judgment on the pleadings) be DENIED and that Defendant's motion for judgment on the pleadings be GRANTED. (Docket No. 17).

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. In addition, it expressly called Plaintiff's attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. The Court finds no clear error in Magistrate Judge Aaron's conclusion that Defendant's determination that Woo was not "disabled" was supported by substantial evidence and free of legal error. Accordingly, the Report and Recommendation is adopted in its entirety.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk of Court is directed conform the docket to the caption above by substituting Acting Commissioner of Social Security Nancy A. Berryhill for the previous Acting Commissioner, Carolyn W. Colvin.

Additionally, the Clerk of Court is directed to terminated Docket Nos. 12 and 14 and to close the case.

       SO ORDERED.

Dated: February 21, 2018
       New York, New York

JESSE M. FURMAN
United States District Judge